## GABRIEL et al. v. UNITED STATES.

(Circuit Court, S. D. New York. April 10, 1902.)

CUSTOMS DUTIES—LITHOPHONE.

The decision of the board of general appraisers that "lithophone" was assessable as "sulfid of zinc, white," within Tariff Act July 24, 1897, par. 57, and not as "white paint or pigment containing zinc, but not containing lead," within the same paragraph, where amply supported by evidence, will not be disturbed by the circuit court on appeal.

Appeal from a Decision of the Board of United States General Appraisers.

W. Wickham Smith, for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

COXE, District Judge. The imported merchandise in question consists of "lithophone." The collector assessed duty at one and one-fourth cents per pound as "sulfid of zinc, white," under paragraph 57 of the schedule for "paints, colors, and varnishes" of the tariff act of July 24, 1897. The importers protested, insisting that it should have been classified under the same paragraph as a "white paint or pigment containing zinc, but not containing lead." Paragraph 57 is as follows:

"Zinc, oxide of, and white paint or pigment containing zinc, but not containing lead, dry, one cent per pound; ground in oil, one and three-fourths cents per pound; sulfid of zinc white, or white sulphide of zinc, one and one-fourth cents per pound; chloride of zinc and sulphate of zinc, one cent per pound."

The question before the board was one of fact, namely, was "lithophone" commercially known as "sulfid of zinc white, or white sulphide of zinc," on the 24th of July, 1897, and prior thereto?

The board have written an elaborate and carefully considered opinion reviewing the testimony of the 19 witnesses examined and have reached the following conclusion:

"We find that the article before us, while known as lithophone or lithofone, is also commercially known as sulfid of zinc, white, and hold that it is properly assessable for duty as such at the rate of 1¼ cents per pound."

Additional testimony was taken in this court, but it only strengthens the conclusion of the board.

Their finding on the facts is not against the weight of evidence. On the contrary, it is amply supported by evidence, and should not be disturbed, within the well-known rule so often followed in this court.

The decision of the board is affirmed.